# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In the Matter of:  In Bankruptcy:

**SAKURA ENTERPRISES, LLC**  Case No. 18-45163-pjs
Chapter 11
Hon. Phillip J. Shefferly

Debtor(s)

---

## DEBTOR'S APPLICATION FOR ORDER
## AUTHORIZING EMPLOYMENT OF CO-COUNSEL

Sakura Enterprises, LLC. ("Eteron") files this Application for Authority to Employ Maxwell Dunn, PLC ("MDPLC") and Clayson, Schneider & Miller PC ("CSMPC") as co-counsel, and states as follows.

1. Sakura Enterprise, LLC ("Sakura") filed its voluntary petition for Chapter 11 bankruptcy on April 9, 2018.

2. Sakura has consulted with MDPLC and CSMPC for the purposes of filing a Chapter 11 petition and legal services necessary to the Chapter 11 proceeding.

3. The reason for selection of MDPLC and CSMPC is that each firm is authorized to practice in all courts of this state and jurisdiction and each is qualified to handle matters likely to arise in the case.

4. The principal attorneys in this case will be Kimberly Ross Clayson of CSMPC and Ethan Dunn of MDPLC.

5. The Debtor has selected co-counsel in this matter for each firms' respective experience in Chapter 11 proceedings and the benefits of shared resources, expertise and knowledge of both firms.

6. Each firm will divide the services performed in order to avoid unnecessary duplicative services and if circumstances necessitate more than one attorney to perform the same service, the firms have agreed to charge a blended rate for overlapping attorney services calculated as half of each billing attorneys' hourly rates. In addition, the firms will divide the legal services that are common to all Chapter 11 proceedings.

7. MDPLC will primarily but not exclusively be responsible for the following services during this bankruptcy case:

    a. Preparation of petition, schedules and statements and any amendments;

    b. Preparation of client for duties while in a Chapter 11 bankruptcy;

    c. Attendance at Initial Debtor Interview ("IDI") scheduled by the Office of the United States Trustee and facilitation of Debtor's requirements for the IDI meeting, attendance at any initial status

conference as directed by the court, and attendance at the Sec. 341 meeting of creditors.

8. CSMPC will primarily but not exclusively be responsible for the following services during this bankruptcy case:

    a. Draft and preparation of first day motions, employment applications, and other related pleadings;

    b. Manage the receipt, review, and filing of Monthly Operating Reports and any other documents, reports, or filings that Debtor is required to submit;

    c. Preparation of applications for compensation of professionals including MDPLC and CSMPC and any other professionals that may be employed by the estate;

    d. Prepare pleadings related to sale applications or valuation motions, if any;

9. The following services will be provided by both firms with an effort to avoid duplication or overlapping services and where overlapping services are necessitated, one hourly fee will be charged at the blended rate described above:

    a. Attendance at hearings and meetings not otherwise designated above;

b. Negotiations with creditors regarding critical aspects of the Chapter 11 proceeding and the confirmation process;

c. Consultations with the Debtor regarding the Chapter 11 proceeding and advision the responsible party regarding various aspects of the matter;

d. Consultations with professionals who the estate may need to hire;

e. Preparation of the Combined Plan and Disclosure Statement and ballots and service upon creditors; and

f. Filing and representation during any adversary proceedings that may arise;

g. All other responsibilities and duties of counsel not specified here will also be undertaken by CSMPC and MDPLC in a manner to assure limited overlap of services.

10. The arrangement for compensation is that fees and expenses will be requested by proper application with the court and, after court order authorizing payment, will be used based upon the respective attorneys' prevailing hourly rates according to Exhibit 3.

11. On April 6, 2018, MDPLC received a retainer in the amount of $18,283.00 from related Debtor Eteron, Inc. (Case No. 18-45161-pjs) ("Eteron") of

which $10,000.00 was shared with CSMPC for services anticipated in the Chapter 11.

12. To mitigate the burden on Eteron's cashflow that might otherwise occur in the event that Eteron was required to reserve the entire projected amount of fees and expenses throughout this case, MDPLC and CSMPC have permitted the Eteron to pay a retainer of $18,283.00 on each Debtors' behalf so long as Eteron makes monthly retainer payments to MDPLC's and CSMPC in the combined amount of $5,000.00 for each month that the related cases remain in bankruptcy. Subject to the foregoing, both Debtors have agreed that any retainer balance after application of MDPLC's and CSMPC's approved fees will be held by MDPLC in its client trust account until the end of the case, to be applied, upon court approval, to outstanding and unpaid fees and expense, if any remain at the end; and the balance will be returned to the Eteron.

13. In accordance with 11 USC 327, the professionals of MDPLC and CSMPC do not hold or represent any interest adverse to the estate and are "disinterested persons" within the meaning of the Bankruptcy Code.

14. To the best of the Debtors' knowledge, and to the best of MDPLC's and CSMPC's knowledge, MDPLC and CSMPC and their respective employees have no connection with either Debtor, creditors, any other party in interest, their

respective attorneys and/or accountants, the U.S. Trustee, or any other person employed in the office of the U.S. Trustee.

15. The Debtors believe that the employment of MDPLC and CSMPC is in its best interests and the best interests of the creditors.

16. Other than specified in this Application, MDPLC and CSMPC have not agreed with any person or firm to share the compensation to be paid for services rendered in connection with this case.

WHEREFORE, the Debtor prays for an entry of an order authorizing counsel's employment under the terms above.

Dated: April 23, 2018

/s/Maureen K. Kim
Maureen K. Kim, Sole Member
Sakura Enterprises, LLC


Prepared by:

/s/Kimberly Ross Clayson
Kimberly -Ross Clayson (P69804)
CLAYSON, SCHNEIDER & MILLER, PC
Co-Counsel for the Debtor
645 Griswold, Suite 3900
Detroit, MI 48226
313-237-0850x3
kim@claysonschneidermiller.com

*Exhibit 1*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In the Matter of:    In Bankruptcy:

**SAKURA ENTERPRISES, LLC**    Case No. 18-45163-pjs
Chapter 11
Hon. Phillip J. Shefferly

Debtor(s)

## ORDER AUTHORIZING DEBTOR TO EMPLOY CO-COUNSEL

**THIS MATTER** having come before the Court on Debtor, Sakura Enterprises, LLC's Application for Order Authorizing Employment of Counsel, and it appearing that the assistance of legal counsel is necessary, compensation having been paid to Maxwell Dunn, PLC ("MDPLC") and Clayson, Schneider & Miller, PC ("CSMPC") and having been disclosed to the Court, and the Court being satisfied that neither firm represents interests adverse to the Debtor's estate, with respect to the matters upon which it is to be engaged, and that both firms and with their individual members are "disinterested persons," and that the employment of MDPLC and CSMPC is necessary and in the best interest of the Debtor's estate, and sufficient notice having been given;

**IT IS HEREBY ORDERED** that the application is granted. Debtor is authorized to employ MDPLC and CSMPC as co-counsel in accordance with the terms of Debtor's application.

**IT IS FURTHER ORDERED** that, subject to court approval and in accordance with Section 330(a) of the Bankruptcy Code, compensation will be paid to MDPLC and CSMPC on an hourly basis plus reimbursement of actual and necessary expenses incurred by MDPLC and CSMPC. In addition, related debtor Eteron, Inc.. (Case No. 18-45151-pjs) has agreed to pre-fund MDPLC's and CSMPC's attorney fees up to a monthly pre-fund cap of $5,000.00. This pre-funded amount will be held in MDPLC's client trust account, and MDPLC will apply it to its outstanding fees only after such fees have been approved by this court.

**IT IS FURTHER ORDERED** that, upon appropriate application, notice, and hearing, the Court shall determine the compensation and reimbursement of expenses to be allowed to MDPLC and CSMPC in accordance with 11 USC §§ 330 and 331 and the applicable bankruptcy rules.

EXHIBIT 2

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In the Matter of: | In Bankruptcy: |
| **SAKURA ENTERPRISES, LLC** | Case No. 18-45163-pjs<br>Chapter 11<br>Hon. Phillip J. Shefferly |
| Debtor(s) | |

**AFFIDAVIT IN SUPPORT OF DEBTOR'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF COUNSEL**

STATE OF MICHIGAN )
                             )
COUNTY OF OAKLAND )

Ethan D. Dunn, being duly sworn, states the following:

1. I am a member of MAXWELL DUNN, PLC ("MDPLC"), whose offices are located at 24725 W. 12 Mile Road, Suite 306, Southfield, Michigan 48034.

2. I am authorized to make this affidavit on behalf of MDPLC.

3. I and the other professionals employed by MDPLC are disinterested parties as defined by 11 USC § 101(14) in the above-captioned matter. The term "disinterested person" means a person that:

a. Is not a creditor, an equity security holder, or an insider;

   b. Is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and

   c. Does not have an interest materially adverse to the interest of the estate of any class of creditors or equity security holders, by reason of any direct relationship to, connection with, or interest in, the Debtor, or for any other reason.

4. Neither I nor any member of MDPLC hold or represent an interest adverse to the bankruptcy estate.

5. Other than previously stated, neither I nor any member of my firm have any connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

6. MDPLC has been promised that it will be paid for its post-petition services from the Debtor's fund at the rates regularly charged by MDPLC for such services, as well as reimbursement for out-of-pocket expenses incurred by MDPLC after the petition date, to the extent allowed by the Court, after application, notice, and hearing in accordance with the applicable provisions of the Bankruptcy Code and bankruptcy rules.

7. The Debtor has agreed to pre-fund MDPLC's monthly fees, up to a monthly pre-fund cap of $5,000.00. This pre-funded amount will be held in MDPLC's client trust account, and MDPLC will apply it to its outstanding fees only after such fees have been approved by the Court.

8. Based on the information available to me, MDPLC holds no interest adverse to the matters for which it is to be employed.

9. I represent that MDPLC has not agreed to share with any person (other than attorneys employed by MDPLC and of co-counsel Clayson, Schneider & Miller, PC as further described in the Application) the compensation to be paid for services rendered in this case.

10. I will amend this statement upon my learning that (i) any of the within representations are incorrect, or (ii) there is any change in circumstances related thereto.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated: April 23, 2018        */s/ Ethan D. Dunn*
                             Ethan D. Dunn, Partner
                             MAXWELL DUNN, PLC

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In the Matter of:                  In Bankruptcy:

**SAKURA ENTERPRISES, LLC**         Case No. 18-45163-pjs
                                                      Chapter 11
                                                        Hon. Phillip J. Shefferly

           Debtor(s)

---

## AFFIDAVIT IN SUPPORT OF DEBTOR'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF COUNSEL

STATE OF MICHIGAN    )
                            )
COUNTY OF WAYNE     )

Kimberly Ross Clayson, being duly sworn, states the following:

1. I am a member of CLAYSON, SCHNEIDER & MILLER, PC ("CSMPC"), whose offices are located at 645 Griswold Street, Suite 3900, Detroit, Michigan 48226.

2. I am authorized to make this affidavit on behalf of CSMPC.

3. I and the other professionals employed by CSMPC are disinterested parties as defined by 11 USC § 101(14) in the above-captioned matter. The term "disinterested person" means a person that:

   a. Is not a creditor, an equity security holder, or an insider;

b. Is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and

c. Does not have an interest materially adverse to the interest of the estate of any class of creditors or equity security holders, by reason of any direct relationship to, connection with, or interest in, the Debtor, or for any other reason.

4. Neither I nor any member of CSMPC hold or represent an interest adverse to the bankruptcy estate.

5. Other than previously stated, neither I nor any member of my firm have any connection with the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

6. CSMPC has been promised that it will be paid for its post-petition services from the Debtor's fund at the rates regularly charged by CSMPC for such services, as well as reimbursement for out-of-pocket expenses incurred by CSMPC after the petition date, to the extent allowed by the Court, after application, notice, and hearing in accordance with the applicable provisions of the Bankruptcy Code and bankruptcy rules.

7. The Debtor has agreed to pre-fund CSMPC monthly fees, up to a monthly pre-fund cap of $5,000.00. This pre-funded amount will be held in Co-Counsel Maxell Dunn, PLC's ("MDPLC") client trust account, and MDPLC will apply it to its outstanding fees only after such fees have been approved by the Court.

8. Based on the information available to me, CSMPC holds no interest adverse to the matters for which it is to be employed.

9. I represent that CSMPC has not agreed to share with any person (other than attorneys employed by CSMPC and of MDPLC as further described in the Application) the compensation to be paid for services rendered in this case.

10. I will amend this statement upon my learning that (i) any of the within representations are incorrect, or (ii) there is any change in circumstances related thereto.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated: April 23, 2018    */s/ Kimberly Ross Clayson*
Kimberly Ross Clayson
President, shareholder
CLAYSON, SCHNEIDER & MILLER, PC

# EXHIBIT 3

## MAXWELL DUNN, PLC
## HOURLY RATES

| Professional | Rate |
|---|---|
| Ethan D. Dunn, attorney | $300.00/hour |
| Tierney H. Eaton, attorney | $250.00/hour |
| Joshua C. Castmore, attorney | $250.00/hour |
| Anthony Smith, paralegal | $110.00/hour |
| Amie Lovins, paralegal | $95.00/hour |
| Hend Alhakam, legal assistant | $75.00/hour |

## CLAYSON, SCHNEIDER & MILLER, PC
## HOURLY RATES

| Professional | Rate |
|---|---|
| Kimberly Ross Clayson, attorney | $300.00/hour |
| Peter F. Schneider, attorney | $270.00/hour |
| David P. Miller, attorney | $220.00/hour |

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In the Matter of: | In Bankruptcy: |
| **SAKURA ENTERPRISES, LLC** | Case No. 18-45163-pjs<br>Chapter 11<br>Hon. Phillip J. Shefferly |
| Debtor(s) | |

## CERTIFICATE OF SERVICE

On April __, 2018, the undersigned served copies of the Application for Order Authorizing Employment of Counsel, Proposed Order Authorizing Employment of Counsel, Affidavit in Support of Application for Order Authorizing Employment of Counsel, and Certificate of Service electronically via the Court's ECF system upon all parties receiving notice of electronic filings in this case.

Dated: April 23, 2018
/s/Kimberly Ross Clayson
Kimberly -Ross Clayson (P69804)
CLAYSON, SCHNEIDER & MILLER, PC
Co-Counsel for the Debtor
645 Griswold, Suite 3900
Detroit, MI 48226
313-237-0850x3
kim@claysonschneidermiller.com